1    **WO**                                                                          RP

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                         **FOR THE DISTRICT OF ARIZONA**

8
     Van Bernard Branch,                    )    No. CV 08-76-PHX-SMM (MEA)
9                                           )
                     Petitioner,            )    **ORDER**
10   vs.                                    )
                                            )
11   Dora Schriro, et al.,                  )
                                            )
12                   Respondents.           )
                                            )

13   ─────────────────────────────────────

14          Pending before this Court is Petitioner's First Amended Petition (Doc. #7) (Amended

15   Petition).  The Court will order that an Answer to the Amended Petition be provided by

16   Respondent.

17   **I.    Procedural Background**

18          On January 14, 2008, Petitioner Van Bernard Branch, who is confined under Arizona

19   Department of Corrections' authority in the Great Plains Correctional Facility in Hinton,

20   Oklahoma, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254

21   (Doc. #1).  Petitioner did not immediately pay the $5.00 filing fee but filed a deficient

22   Application to Proceed *In Forma Pauperis*.

23          By Order filed February 4, 2008 (Doc. #3), the deficient Application to Proceed *In

24   Forma Pauperis* was denied without prejudice, and Petitioner was given 30 days from the

25   filing date of the Order to either pay the $5.00 filing fee or file a new, completed Application

26   to Proceed *In Forma Pauperis*.

27          On February 29, 2008, Petitioner paid the $5.00 filing fee (Doc. #4) and filed an

28   Application to Proceed *In Forma Pauperis* (Doc. #5).  By Order filed May 9, 2008 (Doc. #6),

**TERMPSREF**

1   the Court denied the Application to Proceed *In Forma Pauperis* as moot and dismissed the

2   Petition without prejudice, with leave to amend.  Petitioner was given 30 days from the filing

3   date of the Order to file an amended petition.   On June 20, 2008, Petitioner filed his

4   Amended Petition (Doc. #7).

5   **II.    Amended Petition**

6          Named as Respondent in the Amended Petition is E.W. Morris, Warden.   The

7   Attorney General of the State of Arizona is named as an Additional Respondent.

8          In his Amended Petition, Petitioner challenges his January 8, 2002 judgment of

9   conviction for Fraudulent Schemes and Artifices, entered in the Maricopa County Superior

10  Court in matter CR-2001-005026.

11         The sole ground Petitioner presents in the Amended is "[d]id the trial court error when

12  it declined to hear Mr. Branch's Rule 32 post conviction relief petition even though it was

13  not final until after Apprendi was decided (Blakely claim)"?

14         Petitioner alleges that the issue in Ground One was presented to the Arizona Supreme

15  Court.  A review of the Amended Petition indicates that an answer is required.

16  **III.   Warnings**

17         **A.    Address Changes**

18         Petitioner must file and serve a notice of a change of address in accordance with Rule

19  83.3(d) of the Local Rules of Civil Procedure.  Petitioner must not include a motion for other

20  relief with a notice of change of address.  Failure to comply may result in dismissal of this

21  action.

22         **B.    Copies**

23         Petitioner must serve Respondents, or counsel if an appearance has been entered, a

24  copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a

25  certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d).  Also, Petitioner

26  must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  Failure to

27  comply may result in the filing being stricken without further notice to Petitioner.

28

1

### C.    Possible Dismissal

2    If Petitioner fails to timely comply with every provision of this Order, including these

3    warnings, the Court may dismiss this action without further notice. <u>See</u> <u>Ferdik v. Bonzelet</u>,

4    963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

5    comply with any order of the Court).

6    **IT IS ORDERED:**

7    (1)    The Clerk of Court **must serve** a copy of the Amended Petition (Doc. #7) and

8    this Order on the Respondent and the Attorney General of the State of Arizona by certified

9    mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

10    (2)    Respondents **must answer** the Amended Petition within 40 days of the date

11    of service.  Respondents must not file a dispositive motion in place of an answer but may file

12    an answer limited to relevant affirmative defenses, including but not limited to, statute of

13    limitations, procedural bar, or non-retroactivity.  If the answer is limited to affirmative

14    defenses, only those portions of the record relevant to those defenses need be attached to the

15    answer.  Failure to set forth an affirmative defense in an answer may be treated as a waiver

16    of the defense.  <u>Day v. McDonough</u>, 126 S. Ct. 1675, 1684 (2006).  If not limited to

17    affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of

18    the Rules Governing Section 2254 Cases.

19    (3)    Petitioner **may file** a reply within 30 days from the date of service of the

20    answer.

21    (4)    This matter is **referred** to Magistrate Judge Mark E. Aspey pursuant to Rules

22    72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and

23    recommendation.

24    DATED this 19th day of August, 2008.

25

26

27    Stephen M. McNamee
      United States District Judge

28

**TERMPSREF**                                         - 3 -