**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| VAN BERNARD BRANCH,            )<br>                                )<br>      Petitioner,              )<br>                                )<br>      v.                        )   CIV 08-00076 PHX SMM (MEA)<br>                                )<br>DORA SCHRIRO and                )   REPORT AND RECOMMENDATION<br>ARIZONA ATTORNEY GENERAL,       )<br>                                )<br>      Respondents.              )<br>_____) | |

**TO THE HONORABLE STEPHEN M. McNAMEE:**

Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254 on January 3, 2008, and an amended petition (Docket No. 7) on June 8, 2008. Petitioner contends he is entitled to relief pursuant to the United States Supreme Court's opinion in Blakely v. Washington. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Docket No. 15) on November 12, 2008. Respondents argue the action for habeas relief was not timely filed and, therefore, that the petition must be denied and dismissed with prejudice.

**I Procedural History**

A grand jury indictment filed April 6, 2001, charged Petitioner with one count of fraudulent schemes and artifices,

one count of theft, one count of trafficking in stolen property, three counts of identity theft, one count of conspiracy to commit fraudulent schemes, and one count of telecommunications fraud. See Answer, Exh. A. The grand jury indictment alleged the criminal acts occurred between January 9, 1997, and March 8, 2001. See id., Exh. A.

On April 24, 2001, the state alleged Petitioner had previously been convicted on seven felony charges including burglary, resisting arrest, robbery, possession of marijuana, and, in 1983, murder. Id., Exh. C. The most recent of the seven alleged prior felonies occurred in 1993. Id., Exh. C. However, the state also alleged Petitioner committed the offenses stated in the indictment while on release in a 2000 case in which Petitioner was convicted of burglary, i.e., CR2000-005913. Id., Exh. C, Exh. D, Exh. E.

Pursuant to a written plea agreement, on August 2, 2002, Petitioner pled guilty to one count of the grand jury indictment, i.e., fraudulent schemes, and admitted one prior felony conviction for burglary. Id., Exh. F. & Exh. G. The written plea agreement provided, inter alia, that the presumptive sentence for the fraudulent schemes conviction was 9.25 years and "THE DEFENDANT SHALL BE SENTENCED TO THE DEPARTMENT OF CORRECTIONS FOR NO LESS THAN THE PRESUMPTIVE TERM OF 9.25 YEARS, AND NO MORE THAN 15 YEARS..." Id., Exh. F (emphasis in original). The plea agreement also provided the other counts against Petitioner would be dismissed, the allegation of a second prior felony conviction would be

-2-

dismissed, the allegation that Petitioner was on parole at the time of his offense would be dismissed. Id., Exh. F. The plea agreement also stated that, by pleading guilty, Petitioner was waiving his right to a jury trial on the charges against him. Id., Exh. F.

At the change of plea hearing, Petitioner confirmed that he had read and understood the plea agreement. Id., Exh. G. Petitioner was then advised by the trial court that, under the agreement, he would be sentenced to the Department of Corrections "for not less than presumptive term of nine and quarter years, not more than 15 years." Id., Exh. G at 8-9. Petitioner confirmed to the court that he had seven prior felony convictions and that he was on probation or parole when the subject offense occurred. Id., Exh. G. Petitioner also stated that he understood that his plea could result in an "automatic violation" of his parole status in CR2000-005913, and that he could be sent back to prison for the "remainder" of his prison sentence in CR2000-005913. Id., Exh. G. Petitioner also acknowledged that he had been convicted in 1993 of burglary in the third degree, a class four felony. Id., Exh. G.

Petitioner was sentenced pursuant to his fraudulent schemes conviction five months later, on January 8, 2002. Id., Exh. H. At the sentencing hearing Petitioner's counsel informed the trial court that Petitioner had, in the interim, been accused of another multi-count fraudulent schemes crime. Id., Exh. H. At that time Petitioner sought to withdraw his guilty plea, stating that he did not understand the plea when he signed

the plea agreement "or whatever, so that's what I want to do." Id., Exh. H. Petitioner averred he had not been told that the sentencing range was 9.25 to 15 years and that he might be ordered to serve the sentence consecutively to his sentence in CR2000-005913. The state trial court denied Petitioner's request to withdraw his guilty plea, finding Petitioner had not shown manifest injustice. Id., Exh. H at 6. Petitioner was then sentenced to an aggravated term of 15 years imprisonment, which sentence was imposed consecutive to the sentence imposed in CR2000-005913 upon Petitioner's violation of the terms of release in that matter by his conviction in the 2001 case.

Petitioner waived a direct appeal of his conviction and sentence by pleading guilty. Petitioner filed a timely state action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure on January 11, 2002. See id., Exh. I. Petitioner was appointed counsel, who declared to the state court that she was unable to find any meritorious claims to raise on Petitioner's behalf. Id., Exh. K.

Petitioner filed a *pro per* petition in his Rule 32 action in the state trial court on September 4, 2002. Id., Exh. L. Petitioner asserted he was entitled to relief because he was denied his right to the effective assistance of counsel. Id., Exh. L. Petitioner alleged his counsel was ineffective because he failed to investigate and raise Petitioner's "mental health issues" during Petitioner's plea and sentencing proceedings and because counsel did not inform Petitioner he would receive a concurrent sentence to any other imposed sentence. Id., Exh. L.

-4-

The state trial court denied post-conviction relief in a decision issued January 9, 2003. Id., Exh. M. The state trial court concluded Petitioner had not stated a colorable claim that he was denied his right to the effective assistance of counsel. Id., Exh. M. The trial court concluded Petitioner's counsel's performance was not deficient as defined by prevailing professional standards. Id., Exh. M.

Petitioner sought review of this decision by the Arizona Court of Appeals. However, his petition for review of the trial court's decision denying Rule 32 relief was not timely, being filed February 25, 2003, more than thirty days after the trial court's decision was filed. See id., Exh. N & Exh. O. Petitioner asked the Court of Appeals to accept his belated petition for review. id., Exh. O. The Court of Appeals denied leave to file a delayed petition for review, "without prejudice to filing a motion to allow late filing in the trial court." Id., Exh. P. Petitioner did not, however, ask the trial court for leave to pursue a delayed petition for review of its decision denying Rule 32 relief. Id. at 6. Therefore, on March 19, 2004, the Arizona Court of Appeals denied the petition for review of the trial court's decision denying Rule 32 relief because the petition for review was not timely filed. See id., Exh. Q.

Petitioner filed a second action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, on July 24, 2004. Petitioner alleged the same ineffective assistance of counsel claims as in his first Rule 32

-5-

action. See id., Exh. R. The action was dismissed by the state trial court on August 30, 2004. Id., Exh. S. The state trial court concluded Petitioner was precluded from reasserting claims raised in his first Rule 32 action. Id., Exh. S. Petitioner did not seek review of this order. Id. at 7.

Petitioner filed a third action for state post-conviction relief in the Arizona trial court on March 15, 2005. Id., Exh. T. Petitioner asserted he was entitled to relief pursuant to the United States Supreme Court's 2004 opinion in Blakely v. Washington. Id., Exh. T. Petitioner argued that, because Blakely was a further interpretation of Apprendi v. New Jersey, a 2000 case, Blakely applied to all cases decided after Apprendi. Id., Exh. T.

The Arizona trial court dismissed Petitioner's third action for state post-conviction relief on April 27, 2005. Id., Exh. U. The state court concluded Petitioner's claims became final on January 6, 2003, at the conclusion of his Rule 32 "as of right" proceedings, i.e., when the time expired for seeking review of the trial court's decision denying relief. Accordingly, the state court determined, because Blakely did not apply to cases which were final before the opinion was announced in 2004, Petitioner was not entitled to relief. Id., Exh. U. Petitioner sought review of this decision by the Arizona Court of Appeals, which denied review on March 3, 2006. Id., Exh. AA. Petitioner sought review of this decision by the Arizona Supreme Court, which denied review on October 4, 2006. Id., Exh. CC.

**II. Analysis**

**A. The petition is barred by the statute of limitations**

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See, e.g., Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). The AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2)(2006 & Supp. 2008). See also Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000); Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008).

Because Petitioner pled guilty and thereby waived his right to a direct appeal, Petitioner's convictions and sentences became final at the conclusion of his first action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. See Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007) (holding that, in Arizona, the statute of limitations began to run upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon] the expiration of the time for seeking such proceeding or review."). Petitioner's first Rule 32 proceedings concluded on March 19, 2004, when the Arizona Court of Appeals denied the petition for review of the trial court's decision denying Rule 32 relief

because the petition for review was not timely filed. Petitioner had one year from that date, i.e., until March 19, 2005, to seek federal habeas relief, not counting any time during which the statute of limitations was statutorily tolled by the pendency of any properly-filed state action for post-conviction relief. See Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001).

Petitioner's second and third state post-conviction proceedings did not toll the statute of limitations because they were not "properly filed" actions. See Pace v. DiGuglielmo, 544 U.S. 408, 413, 125 S. Ct. 1807, 1811-12 (2005). Additionally, even tolling all of the time during and in-between the pendency of all three state Rule 32 actions, the last action concluded on October 4, 2006, when the Arizona Supreme Court denied review of dismissal of the third Rule 32 action. Even if the Court were to use this date as the beginning of the one-year statute of limitations, the habeas petition, filed January 3, 2008, was filed more than three months too late.

**B. Equitable tolling of the statute of limitations**

Petitioner is not entitled to the equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814-15 (2005).

The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas

petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time.  See Harris v. Carter, 515 F.3d 1051, 1054-55 & n.4 (9th Cir.), cert. denied, 129 S. Ct. 397 (2008); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003), modified on other grounds by 447 F.3d 1165 (9th Cir. 2006).  Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim.  See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Equitable tolling is to be rarely granted.  See Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006); Stead v. Head, 219 F.2d 1298, 1300 (11th Cir. 2000) (holding this remedy is "typically applied sparingly").  The petitioner must establish a causal connection between the alleged roadblock to their timely filing of their federal habeas petition and the actual failure to file the petition on time.  See Gaston, 417 F.3d at 1034; Lawrence v. Florida, 421 F.3d 1221, 1226-27 (11th Cir. 2005).  It is Petitioner's burden to establish that equitable tolling is warranted in his case.  Gaston, 417 F.3d at 1034.

A petitioner's *pro se* status, ignorance of the law, and lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling because such circumstances are not "extraordinary." See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004). Additionally, a federal habeas petitioner seeking equitable

tolling must also act with "reasonable" diligence "throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000). See also Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

Petitioner has not filed a reply to the answer to his habeas petition explaining why he might be entitled to equitable tolling. Petitioner has not met his burden of establishing that there were extraordinary circumstances beyond his control which made it impossible for him to file a timely federal habeas petition, or that any state action was the "but for" cause for his failure to timely file his federal habeas action. See Brown v. Barrow, 512 F.3d 1304, 1306-07 (11th Cir. 2008) (holding the petitioner has a strong burden to plead specific facts supporting their claim of extraordinary circumstances). See also Pace, 544 U.S. at 418-19, 125 S. Ct. at 1815 (concluding that the petitioner was not entitled to equitable tolling because he was not misled or confused about the exhaustion of his state remedies and filing his federal habeas petition). Petitioner has not met his burden of establishing that there were extraordinary circumstances beyond his control which made it impossible for him to file a timely federal habeas petition. Compare Sanchez v. Cambra, 137 Fed. App. 989, 990 (9th Cir. 2005), cert. denied, 126 S. Ct. 1333 (2006). Additionally, Petitioner did not act with reasonable diligence throughout the time period he seeks to toll. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (rejecting a claim to equitable tolling

-10-

where the petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"). Compare Roy, 465 F.3d at 969-72.

**Blakely claim**

Section 2244 provides the statute of limitations regarding a federal habeas claim may begin to run on the "date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2244(d)(1)().

The United States Supreme Court announced a new constitutional rule regarding criminal procedure in Blakely v. Washington on June 24, 2004. See 542 U.S. 296, 124 S. Ct. 2531. However, the Ninth Circuit Court of Appeals has conclusively held the Supreme Court's Blakely decision does not apply retroactively to a state conviction which was final before June 24, 2004. See Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005).

Additionally, the fact that Petitioner's sentence was aggravated by a "prior" conviction and that he admitted this conviction removes his circumstance from the umbrella of both Apprendi and Blakely.[1] See Hughes v. Harrison, 129 Fed. App.

---

[1] Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. [] Here, only the existence of a prior conviction is at issue, and Petitioner has no federal right to have a jury decide that

340, 341 (9th Cir. 2005); <u>Stevenson v. Lewis</u>, 116 Fed. App. 814, 815 (9th Cir. 2004) ("<u>Apprendi</u> carved out a "narrow exception" for sentence enhancements based on "the fact of a prior conviction.""). Accordingly, Petitioner's case is excepted from the rule stated in <u>Blakely</u>, which does not apply to a sentence aggravated by a "prior" felony conviction.

**IT IS THEREFORE RECOMMENDED** that Mr. Branch's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the

---

> question. .... The Constitution permits prior convictions to be used to enhance a sentence, without being submitted to a jury, so long as the convictions were themselves obtained in proceedings that required the right to a jury trial and proof beyond a reasonable doubt. <u>Apprendi</u>, 530 U.S. at 488, 120 S. Ct. 2348 []. There is no suggestion that Petitioner's [] conviction was obtained without the requisite procedural safeguards. Thus, we reject Petitioner's claim that his sentence violated <u>Apprendi</u>.

<u>Davis v. Woodford</u>, 446 F.3d 957, 963 (9th Cir. 2006).

parties have ten (10) days within which to file a response to the objections.  Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 23rd day of December, 2008.

_____
Mark E. Aspey
United States Magistrate Judge